UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COBB,

        Petitioner,

                                          Case No. 15-cv-13682

v.

                                          HON. MARK A. GOLDSMITH

PAUL KLEE,

        Respondent.

_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 8), (2) DENYING
PETITIONER'S MOTION FOR EQUITABLE TOLLING (Dkt. 10), (3) DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS, (4) DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND (5) DENYING PERMISSION FOR LEAVE
TO APPEAL IN FORMA PAUPERIS**

## I.  INTRODUCTION

Petitioner Christopher Cobb, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his conviction and sentence for one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83.

Petitioner filed this petition for writ of habeas corpus on October 6, 2015.[1]  In lieu of filing an answer to the petition, on April 18, 2016, Respondent filed a motion for dismissal of the habeas petition (Dkt. 8) on the ground that the petition was not timely filed.  On May 17, 2016, Petitioner filed a motion for equitable tolling (Dkt. 10).

---

[1] Under the prison mailbox rule, the Court will assume that Petitioner actually filed his habeas petition on October 6, 2015, the date that it was signed and dated.  See Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999).

For the reasons stated below, the Court grants Respondent's motion and dismisses the petition as time-barred. The Court also declines to issue Petitioner a certificate of appealability and denies Petitioner leave to appeal in forma pauperis.

## II. BACKGROUND

Petitioner pleaded guilty to one count of assault with intent to commit murder and was sentenced on March 17, 2016 to 15-to-30 years' imprisonment.

The Michigan Court of Appeals initially dismissed Petitioner's application for leave to appeal as being untimely. People v. Cobb, No. 278973 (Mich. Ct. App. Sep. 7, 2007). In lieu of granting leave to appeal, the Michigan Supreme Court remanded the matter to the Michigan Court of Appeals to treat Petitioner's application for leave to appeal as having been timely filed. People v. Cobb, 748 N.W.2d 573 (Mich. 2008).

On remand, the Michigan Court of Appeals granted Petitioner's application for leave to appeal, but it affirmed his conviction on May 5, 2009. People v. Cobb, No. 278973, 2009 WL 1221269 (Mich. Ct. App. May 5, 2009). Petitioner's subsequent application for leave to appeal was rejected by the Michigan Supreme Court as being untimely, because it was not filed until May 18, 2011, which was well beyond the 56-day day period for filing an application for leave to appeal with the Michigan Supreme Court. See 1/15/2016 Royster Affidavit (Dkt. 9-10).

Petitioner thereafter filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court on February 2, 2013 (Dkt. 9-11). After the trial court denied Petitioner's post-conviction motion (Dkts. 9-12, 9-14) and the Michigan Court of Appeals affirmed the denial of the post-conviction motion (Dkt. 9-15), collateral review of Petitioner's conviction ended in the Michigan courts on September 5, 2014, when the Michigan Supreme

2

Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion. People v. Cobb, 852 N.W.2d 179 (Mich. 2014).

Petitioner's habeas application is signed and dated October 6, 2015 and was filed with this Court on October 14, 2015.

### III. STANDARD OF DECISION

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. See 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v. Murphy, 521 U.S. 320, 337 (1997). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28

U.S.C. §§ 2244(d)(1)-(2); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004); see also Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of subsection 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. Jimenez v. Quarterman, 555 U.S. 113, 119 (2009).

## IV.  ANALYSIS

### A.  Petitioner's Habeas Petition Is Untimely Under the Statute

Respondent argues in his motion to dismiss that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." Harris v. New York, 186 F.3d 243, 250 (2nd Cir. 1999); see also Cooey v. Strickland, 479 F. 3d 412, 415-416 (6th Cir. 2007). The Court agrees with Respondent.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See Jimenez, 555 U.S. at 119; see also Clay v. United States, 537 U.S. 522, 527 (2003) ("[T]he federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'").

Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly file an application for leave to appeal to the Michigan Supreme Court, the additional 90 days for filing an appeal to the United States Supreme Court is not taken into account. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–654 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]"). The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on May 5, 2009. Petitioner had 56 days to file an appeal in the Michigan Supreme Court, the highest court in the State of Michigan. Mich. Ct. R. 7.302(C). The expiration of the 56 days represents the expiration of the time for seeking direct review of Petitioner's judgment of conviction, and, therefore, the one-year statute of limitations began to run at that time. Gonzalez, 132 S. Ct. at 653-654. Because Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on June 30, 2009, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See Brown v. McKee, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Absent collateral review or additional tolling, Petitioner had until June 30, 2010 to timely file his habeas petition with this Court.

Petitioner filed a post-conviction motion for relief from judgment with the state court on February 2, 2013, after the one-year limitations period had already expired. Although 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the

5

period of limitations contained in the statute, a state-court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. See Jurado v. Burt, 337 F. d 638, 641 (6th Cir. 2003); see also Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002). Because the limitations period had already expired by the time that the post-conviction motion was filed, this motion would not revive the statute of limitations. Therefore, Petitioner's state post-conviction proceedings did not toll the statute of limitations and his current habeas petition is untimely.

In his motion for equitable tolling, Petitioner argues that the commencement of the one-year limitations period should be delayed because of the new Michigan Supreme Court case of People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), in which the Michigan Supreme Court held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. The Michigan Supreme Court based its decision on the 2013 case of Alleyne v. United States, 133 S. Ct. 2151, 2155 ( 2013), in which the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. Alleyne is an extension of the Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

Title 28 U.S.C. § 2244(d)(1)(C) indicates that the one-year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review." A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review for purposes of this section or 28 U.S.C. § 2255(f)(3), the analogous provision of the statute of limitations for federal motions to vacate sentence. See Wiegand v. United States, 380 F.3d 890, 892-893 (6th Cir. 2004).

The United States Supreme Court's decision in Alleyne would not delay the commencement of the limitations period, because Alleyne has not been made retroactive to cases on collateral review. See In re Mazzio, 756 F.3d 487, 489-490 (6th Cir. 2014). Additionally, Petitioner cannot use the Michigan Supreme Court's decision in Lockridge to invoke § 2244(d)(1)(C) to delay the commencement of the limitations period. A state court's ruling does not constitute a new constitutional rule of law that would delay the start of the limitations period under § 2244(d)(1)(C), because the "AEDPA's plain text requires a constitutional right 'newly recognized by the [United States] Supreme Court.'" Broom v. Strickland, 579 F.3d 553, 557 (6th Cir. 2009). Therefore, the Court finds that the instant petition is untimely.

### B. Petitioner Is Not Entitled to Equitable Tolling

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one-year limitations period. Id.

Petitioner is not entitled to equitable tolling of the one-year limitations period, because he failed to argue that circumstances of his case warranted equitable tolling. See Giles v. Wolfenbarger, 239 F. App'x 145, 147 (6th Cir. 2007).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995). See McQuiggin v. Perkins, 133 S. Ct. 192, 1928 (2013). However, the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" Id. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329). Moreover, in determining whether Petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." Id. (quoting Schlup, 513 U.S. at 332). For an actual innocence exception to be credible under Schlup, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. See Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charge that he challenges in this petition. See Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable

evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. Connolly v. Howes, 304 F. App'x 412, 419 (6th Cir. 2008). Therefore, the Court denies Petitioner's motion for equitable tolling (Dkt. 10) and summarily denies the petition for writ of habeas corpus.

### C.  Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner had filed his habeas petition outside of the one-year limitations period and is not entitled to equitable tolling. See Grayson v. Grayson, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). Accordingly, a certificate of appealability is not warranted in this case.

9

The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); Fed. R. App. P. 24(a).

## V. CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner failed to file his habeas petition within the applicable statute-of-limitations period. Therefore, the Court grants Respondent's motion to dismiss (Dkt. 8), denies Petitioner's motion for equitable tolling (Dkt. 10), and dismisses the petition (Dkt. 1) with prejudice. The Court further declines to issue Petitioner a certificate of appealability and denies leave to proceed on appeal in forma pauperis.

SO ORDERED.

Dated: June 24, 2016              s/Mark A. Goldsmith
   Detroit, Michigan           MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2016.

                                                    s/Karri Sandusky
                                                    Case Manager