UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COBB,

       Petitioner,

                                  Case No. 15-cv-13682

v.

                                  HON. MARK A. GOLDSMITH

PAUL KLEE,

       Respondent.
_____/

**OPINION & ORDER**
**DENYING PETITIONER'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT**
**(Dkt. 13), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

On June 24, 2016, the Court summarily denied Petitioner Christopher Cobb's application for a writ of habeas corpus on the ground that it was time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court also declined to issue a certificate of appealability or to grant leave to appeal in forma pauperis. See Cobb v. Klee, No. 15-cv-13682, 2016 WL 3457944 (E.D. Mich. June 24, 2016).

Petitioner has now filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. 13). For the reasons that follow, the motion will be denied.

A Rule 60(b) motion for relief from judgment that seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires

1

authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b).  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Id. at 532.  A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."  Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition.  Id. at 532.  A Rule 60(b) motion is not considered as raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  Id. at 532 n.4.

Petitioner's motion, which argues that the one-year statute of limitations should be equitably tolled based on a retroactive change in the law, constitutes a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition.  See Gonzalez, 545 U.S. at 533.

However, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit.  See Harris v. United States, 367 F. 3d 74, 82 (2d Cir. 2004).  A Rule 60(b) motion is properly denied where the movant attempts to use the

2

motion to relitigate the merits of a claim and the allegations are unsubstantiated. See Miles v. Straub, 90 F. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his initial federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. See Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

In his Rule 60(b) motion, Petitioner argues that the commencement of the one-year limitations period should be postponed because of the Michigan Supreme Court case of People v. Lockridge, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), where the Michigan Supreme Court held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. The Lockridge decision was based on the 2013 case of Alleyne v. United States, 133 S. Ct. 2151, 2155 ( 2013), in which the U.S. Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense, which must be proven beyond a reasonable doubt.

Petitioner raised this same argument in his motion for equitable tolling. This Court rejected that argument in its opinion and order:

> The United States Supreme Court's decision in Alleyne would not delay the commencement of the limitations period, because Alleyne has not been made retroactive to cases on collateral review. See In re Mazzio, 756 F.3d 487, 489-490 (6th Cir. 2014). Additionally, Petitioner cannot use the Michigan Supreme Court's decision in Lockridge to invoke § 2244(d)(1)(C) to delay the commencement of the limitations period. A state court's ruling does not constitute a new constitutional rule of law that would delay the start of the limitations period under § 2244(d)(1)(C), because the "AEDPA's plain text requires a constitutional right

3

> 'newly recognized by the [United States] Supreme Court.'"
> Broom v. Strickland, 579 F.3d 553, 557 (6th Cir. 2009).
> Therefore, the Court finds that the instant petition is untimely.

Cobb, 2016 WL 3457944, at *3.

This Court denies Petitioner's Rule 60(b) motion for relief from judgment, because Petitioner is simply using the motion to relitigate the merits of his retroactivity argument, which this Court previously rejected. See Miles, 90 F. App'x at 458. Accordingly, Petitioner is not entitled to relief from judgment in this case.

The Court also denies Petitioner a certificate of appealability. Title 28 U.S.C. § 2253(c)(1)(A) and Federal Rule of Appellate Procedure 22(b) provide that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. Fed. R. App. P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition, or that the

petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right and a substantial showing that the procedural ruling by the district court is wrong. See United States v. Hardin, 481 F.3d 924, 926 n.1 (6th Cir. 2007).

The Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court further denies Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. See Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

Accordingly, the Court denies the Petitioner's Rule 60(b) motion for relief from judgment (Dkt. #13), declines to issue a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: July 14, 2017  　　　　　　　　　　　　　　s/Mark A. Goldsmith  
 Detroit, Michigan 　　　　　　　　　　　　　　MARK A. GOLDSMITH  
 　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2017.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　　　Case Manager

5